```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION
```

**BRENDA WATSON, Individually and as**
**Parent and Next Friend of I.W., a Minor**          **PLAINTIFF**

**VS.**                    **CIVIL ACTION NO. 5:19-cv-69 (DCB)(MTP)**

**CLAIBORNE COUNTY SCHOOL DISTRICT**
**Of Claiborne County, Mississippi,**
**and JANE DOES 1-24**                                **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Plaintiff Brenda Watson, Individually and as Parent and Next Friend of I.W., a Minor's Motion for Default Judgment (docket entry 9).

Also pending is Defendants Claiborne County School District ("CCSD") and John and Jane Does 1-23's Motion to Set Aside Clerk's Entry of Default (docket entry 12).

On August 5, 2019, Plaintiff filed her Complaint with the Court. On August 19, 2019, Defendant Claiborne County School District was served with a summons and a copy of Plaintiff's complaint by personal service. A copy of the return of service is attached to the Plaintiff's Request for Entry of Default as "Exhibit A." Defendant CCSD did not file a responsive pleading or otherwise defend the suit.

On September 10, 2019, Watson filed her Amended Motion for Entry of Default (docket entry 4). Watson also filed a Summons in

a Civil Action against Claiborne County School District (docket entry 7). The Summons was returned executed.

The Clerk of Court filed a Clerk's Entry of Default against Claiborne County School District on September 11, 2019 (docket entry 8), pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

On October 3, 2019, Plaintiff Brenda Watson, individually and as Parent and Next Friend of I.W., a minor, filed a Motion for Default Judgment (docket entry 9) against Claiborne County School District and John and Jane Does 1-24. The Plaintiff states that the identities of the John Doe and Jane Doe defendants are not known to the Plaintiff at this time.

Plaintiff seeks entry of a Default Judgment as to liability, and requests that the Court set a hearing before a jury to determine the issue of damages. Plaintiff, as parent and next friend of I.W., seeks damages in an amount to be determined by a jury.

On October 17, 2019, Defendant CCSD filed a Motion (docket entry 12) to Set Aside the Clerk's Entry of Default (docket entry 8).

On August 15, 2019, Plaintiff served CCSD's central office receptionist, Dorcia Warner, with a copy of the summons and complaint. On the same day that she received a copy of the summons and complaint, Ms. Warner forwarded the summons and complaint to

Mary McCay, who serves as the administrative assistant to the Superintendent, MS Student Information System (MSIS) coordinator, and clerk to the District's board of education.

On August 23, 2019, Ms. McCay scanned the summons and complaint to herself, intending to forward the documents to the District's board attorney, Dorian Turner, as directed by the District's Superintendent.

On October 9, 2019, Ms. McCay received via U.S. mail a copy of Plaintiff's motion for default judgment and supporting memorandum. On the same day, Ms. McCay scanned and emailed a copy of the motion and supporting documents to the District's board attorney, Ms. Turner.

On October 10, 2019, Ms. Turner read the October 9, 2019, email from Ms. McCay and immediately informed Ms. McCay that she was unaware of a pending lawsuit and had not received a copy of a summons and complaint. Ms. McCay then realized that she inadvertently failed to forward a copy of the summons and complaint to Ms. Turner.

Ms. Turner did not receive a copy of the summons and complaint in this matter until October 10, 2019. <u>See</u> Mary McCay's Affidavit, attached as Exhibit A.

Under Federal Rule of Civil Procedure 55, the Court "may set aside an entry of default for good cause." Fed.R.Civ.P. 55(c). The Fifth Circuit has set forth factors to consider in determining

whether there is good cause to set aside an entry of default: (1) whether the default was willful; (2) whether setting aside the default would prejudice the plaintiff; (3) whether a meritorious defense is presented and (4) whether the defendant has acted expeditiously to correct the default. See Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc., 346 F.3d 552, 563 (5th Cir. 2003). "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." Ainsworth v. Gildea, 2009 WL3336111, at *1 (S.D. Miss. 2009) (quoting Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001)).

The entry of default should be set aside because the Defendant's failure to timely appear, plead or otherwise defend was not willful. The Court will look to whether or not the Defendant's failure to respond was a deliberate attempt to avoid litigation or to do any harm whatsoever to the Plaintiff or the Court. See Gullick v. Maritech Resources, Inc., 2011 WL 4356618, at *2 (S.D. Miss. 2011). Defendant CCSD states that it had no intention whatsoever to avoid litigation or to do any harm to the Plaintiff or to the Court.

CCSD's failure to timely respond was due to a clerical mishap and was not willful.

Furthermore, the Plaintiff was not prejudiced by the Defendant's delay. "[M]ere delay does not alone constitute prejudice and the plaintiff must show that the delay will result

4

in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." Lacy v. Sitel Corporation, 227 F.3d 290, 293 (5th Cir. 2000). The Plaintiff has no sustainable claim that any delay on behalf of the Defendant will prejudice the Plaintiff.

In addition, Defendant states that it has a colorable and plausible defense to the merits of Plaintiff's claims and has at all times desired and intended to vigorously defend the action at hand until resolution is reached. "Under this factor, the central concern is whether there exists some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." Winston v. City of Laurel, 2012 WL 5381346, at *4 (S.D. Miss. 2012) (quoting Beitel v. OCA, Inc. (In re OCA, Inc.), 551 F.3d 359, 373 (5th Cir. 2008)).

The Defendant further represents to the Court that it is acting expeditiously to correct the entry of default by filing the present motion. Counsel has just been retained to represent the District in this matter. Defendant states that as soon as counsel was retained, counsel filed the present motion.

Courts have held that "defaults are not favored and their strict enforcement has no place in the Federal rules." Marsaw v. Shelby, 2010 WL 5090992, at *1 (S.D. Miss. 2010); Horner v. Wyeth, Inc., 2011 WL 765959, at *1 (N.D. Miss. Feb. 25, 2011) (citing

Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc., 346 F. 3d 552, 563 (5th Cir. 2003)).

Furthermore, default judgments "should not be granted on a claim, without more, that the defendant had failed to meet a procedural time requirement." Parks v. Mississippi Department of Corrections, 2013 WL 1420237, at *2 (S.D. Miss. 2013) (citing Jefferson v. La. Dept. of Pub. Safety & Corr., 401 F.App.'x 927, 929 (5th Cir. 2010)).

The Plaintiff's only claim is that the Defendant failed to meet a procedural time requirement. As previously stated, in the Fifth Circuit, default judgments are "generally disfavored in the law" and resorted to by courts only in the most egregious situations and "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." Mason & Hanger-Silas Mason Co. v. Metal Trades Council, 726 F.2d 166, 168 (5th Cir. 1984); Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n, 874 F.2d 274, 276 (5th Cir. 1989) (courts "prefer to reach a judgment on the merits of the case, and not to terminate litigation by a procedural maneuver").

Having taken into account the parties' positions and the applicable law, the Court finds that the Clerk's Entry of Default should be set aside. Courts have held that such defaults are disfavored "and any doubt should be resolved 'to the end of securing a trial upon the merits.'" Effjohn Int'l Cruise Holdings,

6

Inc. v. A&L Sales, Inc., 346 F.3d 552, 563 (5th Cir. 2003). Moreover, the Defendant has shown good cause as to why the Clerk's Entry of Default should be set aside.

The Defendant's delay was not willful. Setting aside the Clerk's Entry of Default will not prejudice the Plaintiff. The Defendant is able to present a meritorious defense to Plaintiff's claim; and the Defendant acted expeditiously in correcting this matter by timely and actively moving the Court to set aside the Clerk's Entry of Default as soon as it was discovered and counsel was retained to represent the District in this matter.

ACCORDINGLY,

IT IS HERBY ORDERED that the Clerk's Entry of Default is hereby set aside, and the Motion for Default Judgment is DENIED.

SO ORDERED, this the 27th day of March, 2020.

_/s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE

7